# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CARTIER D. TASBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:10 CV 0419 JM ) |
| DARRYL HEIMLICK, Sheriff, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION and ORDER

Cartier Tasby, a prisoner committed to the Indiana Department of Correction, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that Grant County Jail officials violated his federally protected rights while he was confined there as a pretrial detainee. The defendants are Grant County Sheriff Darryl Heimlick, Captain Randy Albertson, Lieutenant Cathy Lee, and Corporal Bryan Kirkpatrick.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived her of a federal right [and] . . . he must allege that the person who has deprived her of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In his complaint, Tasby alleges that the defendants denied him access to legal materials, while he was at the Grant County Jail, which interfered with his ability to represent himself in his criminal proceedings. According to the complaint, Tasby was representing himself in criminal proceedings against him, he requested access to legal materials in order to help prepare his defense, and jail officials told him "no." (DE # 1 at 4.) Tasby alleges that due to "those law library policies the inadequacy of the of the legal services in the jail and [the] blatant disregard for my right to represent myself, I was not allowed or able to give myself meaningful representation." (DE # 1 at 4.)

Tasby brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

Tasby alleges that the defendants' conduct violated rights protected by the First, Sixth, Eighth, and Fourteenth Amendments. (DE # 1 at 3.) When addressing claims brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by defendants. *Graham v. Conner*, 490 U.S. 386, 394 (1989).

The Sixth Amendment is not implicated here because it guarantees persons charged with crimes the right "to have the assistance of counsel for his defense." Plaintiff elected to represent himself, so he has waived the Sixth Amendment guarantee of representation by counsel. The Eighth Amendment is not implicated here because it protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Plaintiff was a pretrial detainee (DE # 1 at 1), and his claims do not deal with conditions of confinement covered by the Eighth Amendment. Plaintiff states no equal protection claim because the Fourteenth Amendment's equal protection clause directs that all persons similarly situated should be treated alike. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Tasby does not allege that he is being treated worse than similarly situated inmates. Rather, he alleges that the jail has an official policy that treats all inmates similarly situated with himself alike by denying all of them access to legal materials.

However, plaintiff's claims do implicate the First Amendment and the Fourteenth Amendment right to substantive due process. *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004). "[T]he fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons

3

trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by *Bounds v. Smith,* and show that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" *Lewis v. Casey*, 518 U.S. at 2181 n.4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986).

Tasby alleges that he sought access to legal materials in order to defend himself from a criminal prosecution. Because *Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," 430 U.S. at 828, it is well established that state officials need not provide a prisoner with access to legal materials in a case where he is represented by an attorney. *Martin v. Tyson*, 845 F2d 1451, 1456 (7th Cir. 1988) (finding no Constitutional violation where jail officials denied a prisoner access to legal materials in his criminal case where he was represented by counsel on his criminal charges). But here, plaintiff alleges that he was denied access to legal materials even though he was not represented by counsel on his criminal charges.

Fed. R. Civ. P. 8 establishes a system of notice pleading, *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and a plaintiff's complaint may not be dismissed at the pleadings stage if the "[f]actual allegations . . . raise a right to relief above the speculative level" to the level of "plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Giving Tasby the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that his claim for denial of access to legal materials is implausible.

In addition to damages, Tasby also requests injunctive relief regarding policies and conditions at the Grant County Jail. But his injunctive relief claims are moot because he is no longer housed at the Grant County Jail; he has now been convicted, sentenced, and transferred to the custody of the Indiana Department of Correction. If a prisoner is released or transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). It is possible that Tasby could at some point in the future return to the Grant County Jail and be in the position of representing himself against criminal charges, but the mere possibility that this might occur is insufficient. The standard to be applied here is whether he is "likely to be retransferred," and there is no reasonable basis that he is "likely to be retransferred" to the Grant County Jail and be in a position of representing himself against criminal charges.

For the foregoing reasons, the court:

(1) **GRANTS** plaintiff leave to proceed against the defendants for damages on his First Amendment and Fourteenth Amendment due process claim that defendants denied him access to the legal materials;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** the defendants to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on the defendants, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

                                   **SO ORDERED**.

Date: February 9, 2011

                              s/James T. Moody_____
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT