UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CARTIER D. TASBY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:10 CV 419 |
|  | ) |  |
| DARRYL HEIMLICK, Sheriff, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION AND ORDER**

Cartier Tasby filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 while he was a prisoner confined at the Grant County Jail, alleging the violation of his federally protected rights. He is now committed to the Indiana Department of Correction. The court screened the complaint pursuant to 28 U.S.C. § 1915A(a), granted Tasby leave to proceed against defendants for damages on his First Amendment and Fourteenth Amendment due process claim that they denied him access to the legal materials, and dismissed all other claims pursuant to 28 U.S.C. § 1915A(b)(1).

Tasby now seeks leave to amend his complaint to add claims for damages for defamation of character and loss of wages. He also asks the court "to reconsider its ruling regarding the dismissal of the injunctive relief and to elevate it to a Class Action Injunction." (DE # 34 at 1.)

FEDERAL RULE OF CIVIL PROCEDURE 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Arazie v.*

*Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993). Section § 1915A requires the court to screen proposed amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F. Supp. 2d 633 (N.D. Ind. 1998).

Damages are not available in § 1983 actions for defamation because defamation states no claim for which relief can be granted under § 1983. *Paul v. Davis*, 424 U.S. 693, 712 (1976) (in dealing with a claim that police officials falsely labeled Davis as an "active shoplifter," the court held "that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law").

In his original complaint, Tasby asked for "'monetary damages' which will enclude [sic] actual, punitive, and nominal." (DE # 1 at 5.) Actual damages include loss of wages, so plaintiff does not need to amend his complaint to specifically mention lost wages.

In his original complaint, Tasby requested injunctive relief regarding policies and conditions at the Grant County Jail. In its screening order the court concluded that his injunctive relief claims were moot because he is no longer housed at the Grant County Jail; he is now committed to the Indiana Department of Correction. If a prisoner is released or transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)).

Tasby seeks class action status, but this does not avoid the requirement that he be housed at the facility against which he seeks injunctive relief. In any event, though a *pro se* litigant can represent his own interests, he may not represent others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995).

> Under RULE 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.

*Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotation marks omitted). It would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3d Cir. 2009).

For the foregoing reasons, the court **DENIES** plaintiff's motion for leave to amend his complaint (DE # 34).

**SO ORDERED.**

Date: May 23, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT