**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **CARTIER D. TASBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:10-cv-419** |
| | ) | |
| **DARRYL HEIMLICK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is a request filed by *pro se* Plaintiff Cartier Tasby in this § 1983 case (Docket # 42), together with a completed Questionnaire for Appointment of Counsel (Docket # 54), asking that this Court request an attorney to represent him. Because Tasby's case is not a difficult one, and since he is competent to litigate it, the motion will be DENIED.

## LEGAL STANDARD

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims

himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008).

The question is "whether the difficulty of the case – factually and legally – exceeds the particular

plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*,

503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff

appears competent to litigate his own claims, given their degree of difficulty, and this includes

the tasks that normally attend litigation: evidence gathering, preparing and responding to

motions and other court filings, and trial." *Id.* (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the

plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And

if the record reveals the plaintiff's intellectual capacity and psychological history, these too

would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light

of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

Applying the foregoing two-fold inquiry, it is evident that Tasby is competent to

represent himself in this case. To explain, the suit is a relatively straightforward § 1983 action.

Tasby claims that Defendants deprived him of his constitutional right of reasonable access to the

courts during his incarceration at the Grant County Jail. (Docket # 1.) Therefore, the first factor

– the difficulty of his claims – cuts against Tasby's request for counsel. *See generally Lovelace*

*v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se*

---

[1] Here, Tasby has made a reasonable attempt to obtain counsel on his own, as he has apparently contacted at least twenty-five different attorneys; none, however, have taken his case. (Docket # 53.) Of course, this is an indication that Tasby's case may indeed have little merit and that appointing counsel will not make a difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).  Second, Tasby has already adequately articulated his claims in this case, has engaged in some discovery, and has sought relief through various motions. (*See, e.g.*, Docket # 1, 2, 5, 10, 12-15, 19, 26, 34, 42, 45, 51-54.)  In particular, he filed an extensive "Memorandum of Law", together with a supplement (Docket # 5, 13), that incorporates numerous legal citations, indicating that he has already performed considerable legal research and is fully capable of articulating his legal position.

Furthermore, the Court discussed the case with Tasby at the initial scheduling conference on May 17, 2011, and it appears that Tasby has reasonably good communication skills, at least at a sufficient level to proceed *pro se*.  Moreover, the facts of this case are within his particular knowledge; therefore, the task of discovery is apt to be quite limited and certainly not insurmountable.  As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Tasby appears quite competent to adequately handle the litigation of this relatively simple § 1983 case.  Consequently, his motion asking that the Court recruit counsel for him will be denied.

### CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 42) is DENIED.  Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 22nd day of June, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge