UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARTIER D. TASBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:10-CV-419 |
| | ) |
| DARRYL HEIMLICK (SHERIFF OF | ) |
| GRANT COUNTY), RANDY | ) |
| ALBERTSON, CATHY LEE, and | ) |
| BILLY KIRKPATRICK, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the *pro se* Plaintiff Cartier Tasby's Motion to Compel. (Docket # 102.) In the motion, Tasby argues that the documents the Defendants produced in response to his request for all documents relating to law library issues filed by inmates while he was a pretrial detainee at the Grant County Jail were incomplete. (Mot. to Compel ¶ 3; *see* Pl.'s First Req. for Produc. of Docs. No. 7.) Specifically, he points out that at least four of the grievances he received were only half of a document and that the bottom half (the response section) had been cut off. (Mot. to Compel ¶ 3; *see* Docket # 65-2.) The Defendants report, however, that the grievances were scanned by staff some time ago to save space at the jail, the originals were then destroyed, and Tasby was provided what exists. (Resp. to Mot. for Sanctions ¶ 11.)

Tasby can compel production of discoverable documents from the Defendants "only if [the Defendants] physically possesses such materials or [have] the right to obtain such

1

documents." *Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 568 (S.D. Ind. 1990); *see also In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (explaining that federal courts have consistently held that documents are in the "possession, custody or control" of the served party if "the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand").  Here, Defendants assert that they no longer possess the full documents as the originals were previously scanned and then destroyed.

Consequently, Tasby's Motion to Compel (Docket # 102) is GRANTED.  The Defendants are ordered to either produce and file the four incomplete grievances in full or to execute an affidavit from the Sheriff or records custodian stating under oath (1) that after diligent search there are no responsive documents in his "possession, custody or control," as that term is defined *supra*, other than those previously produced, *see, e.g., Wilson v. Kautex,* No. 1:07-cv-60, 2008 WL 162645, at *7 (N.D. Ind. Jan. 14, 2008), and (2) explaining why he has no "possession, custody or control" over the requested documents.  The Defendants are to file the grievances or the affidavit by March 21, 2012.

SO ORDERED.

Enter for this 6th day of March, 2012.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge